UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60474-CIV-COHN/SELTZER

GARY DEAR, on his own behalf and on behalf
of those similarly situated,

    Plaintiff,

v.

Q CLUB HOTEL, LLC,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS COUNT II OF THE COMPLAINT

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Count II of Plaintiff's Complaint [DE 10]. The Court has reviewed the Motion and the record in this case, and is otherwise advised in the premises. For the reasons discussed herein, the Court will grant the Motion and will dismiss Count II of Plaintiff's Complaint.

### I.   BACKGROUND

This suit involves a dispute among owners of a beachfront hotel and condominium units located in Fort Lauderdale, Florida. Defendant Q Club Hotel, LLC ("Q Club") owns and manages the Hilton Fort Lauderdale Beach Resort hotel (the "Hotel"). Compl. ¶ 15.[1] The Hotel is located in a building that also houses 333 residential condominium units ("Residences"). Id. ¶ 14. A Declaration of Club Resort and Residences Condominium ("Condo Declaration") applies to and governs the Residences. Id. ¶ 17 & ex. A. The Condo Declaration binds not only the owners of the

---

[1] For the purpose of resolving the Motion, the Court accepts as true the facts alleged in the Complaint. See Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents, 633 F.3d 1297, 1301 n.3 (11th Cir. 2011).

Residences, but also Q Club. Id. Plaintiff Gary Dear owns one of the Residences. Id. ¶ 35.

The Hotel and owners of the Residences share use of certain common elements, such as a fitness center and a parking garage. Id. ¶ 24. The Condo Declaration refers to these common elements as "Shared Components." Id. ¶¶ 23–24. The Q Club owns and controls the Shared Components. Id. ¶ 23. The Condo Declaration requires owners of the Residences to reimburse the Q Club for certain "Shared Costs" associated with the Shared Components. Id. ¶¶ 28–31. The Condo Declaration also requires Q Club to maintain a roster of the Residences and applicable charges, and to maintain records reflecting receipts, expenditures, and budgets relating to the Shared Components. Id. ¶¶ 33–34. These records are to be made available for inspection by any owner of a Residence. Id.

Dear alleges that Q Club has failed to maintain the roster and records required by the Condo Declaration. Id. ¶ 44. Dear also contends that Q Club has regularly and systematically charged inflated Shared Costs to owners of the Residences. Id. ¶¶ 45–49. Dear has asserted a claim for breach of contract against Q Club on the basis of its alleged failures to live up to its obligations under the Condo Declaration. Id. ¶¶ 61–69. Dear has also asserted a claim titled "Declaratory and Injunctive Relief," seeking a declaration of the parties' rights and obligations under the Condo Declaration, together with an injunction prohibiting Q Club from violating the Condo Declaration in the future. Id. ¶¶ 70–81. In the Motion now before the Court, Q Club challenges the cause of action for declaratory and injunctive relief as failing to state a claim.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a court shall grant a motion to dismiss where the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must give a defendant fair notice of the plaintiff's claims and the grounds upon which they rest. Id. Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. A well-pled complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id. at 556 (internal quotation marks omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

## III. DISCUSSION

In the Motion, Q Club argues that Dear's cause of action for declaratory judgment fails to allege a live controversy in need of a declaration from the Court. Q Club also contends that Dear has failed to allege the elements of a claim for injunctive relief. The Court agrees with Q Club on each point, thus will dismiss the claim for Declaratory and Injunctive Relief.

3

A plaintiff seeking a declaratory judgment under the Federal Declaratory Judgment Act must premise his claim upon a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." GTE Directories Publ'g Corp. v. Trimen Am., Inc., 67 F.3d 1563, 1567 (11th Cir. 1995) (internal quotation marks omitted).[2] In this case, Dear asserts that the controversy to be resolved by declaratory judgment is his doubt as to each party's rights and obligations under the Condo Declaration. Compl. ¶¶ 76–77. However, the Complaint's factual allegations reflect that Dear does not actually doubt each party's rights and obligations. Instead, he asserts that the Condo Declaration's terms are clear, and that Q Club has breached those terms. Id. ¶¶ 72–75, 79. Notably, these facts are identical to the facts underlying Dear's claim for breach of contract. See id. ¶¶ 61–69.

The Declaratory Judgment Act confers discretion on the courts to issue a declaratory judgment. However, "it does not impose a duty to do so." Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330 (11th Cir. 2005) (per curiam). Where a party has properly raised an issue in other counts of its pleadings, district courts exercising their discretion will reject claims for declaratory relief addressing that same

---

[2] The parties disagree over whether the Federal or Florida Declaratory Judgment Act applies in this case, which is founded upon diversity jurisdiction. The Court recognizes that the question of whether Federal or Florida law applies under similar circumstances has given rise to inconsistent decisions from district courts within Florida. However, this Court has previously concluded that Florida's Declaratory Judgment Act is a procedural statute, thus the Federal Declaratory Judgment Act governs claims for declaratory judgment in diversity actions, such as the case at bar. See Cypress Chase Condo. Ass'n "A" v. QBE Ins. Corp., No. 10-61987, 2011 WL 1544860 at *2 (S.D. Fla. Apr. 15, 2011). Dear has not persuaded the Court that it should revisit this determination. Accord Coccaro v. GEICO Gen. Ins. Co., No. 14-80461, 2015 WL 3669399 at *3 (S.D. Fla. May 7, 2015) (construing claim under Florida Declaratory Judgment Act as one under Federal Declaratory Judgment Act).

issue. See, e.g., Selby v. Goodman Mfg. Co., LP, No. 13-2162, 2014 WL 2740317 at *7 (N.D. Ala. June 17, 2014); Perret v. Wyndham Vacation Resorts, Inc., 889 F. Supp. 2d 1333, 1346–47 (S.D. Fla. 2012); Eisenberg v. Standard Ins. Co., No. 09-80199, 2009 WL 3667086 at *2–3 (S.D. Fla. Oct. 26, 2009).

In the instant case, Dear's claim for declaratory judgment is duplicative of his claim for breach of contract. The two claims rest upon the same allegations of Q Club's failure to live up to its obligations under the Condo Declaration. A resolution of Count I will require an interpretation of the Condo Declaration similar to that sought in Count II. The Court's interpretation of the Condo Declaration in connection with Count I will not only impact Q Club's potential liability in this action, but also will bind the parties in any subsequent suit. See Eisenberg, 2009 WL 3667086 at *3. Accordingly, Dear's claim for declaratory judgment is subsumed by his claim for breach of contract, and will be dismissed on that basis. See Perret, 889 F. Supp. 2d at 1346–47.

The Court also rejects Count II to the extent it seeks injunctive relief. Under Florida law, a party seeking a permanent injunction must plead and prove "a clear legal right, the inadequacy of a remedy at law, and that an irreparable injury will occur if such relief is not granted." Alley v. Les Chateaux Condo. Ass'n, Inc., No. 10-760, 2010 WL 4739508 at *4 (M.D. Fla. Nov. 16, 2010) (citing E. Fed. Corp. v. State Office Supply Co., 646 So. 2d 737, 741 (Fla. 1st DCA 1994)). Notably, where money damages will adequately compensate a plaintiff for his alleged harms, the plaintiff cannot establish the inadequacy of a remedy at law or that irreparable injury will occur absent an injunction. B.G.H. Ins. Syndicate, Inc. v. Presidential Fire & Cas. Co., 549 So. 2d 197,

198 (Fla. 3d DCA 1989); Supreme Serv. Station Corp. v. Telecredit Serv. Ctr., Inc., 424 So. 2d 844, 844 (Fla. 3d DCA 1982) (per curiam).

In this case, Q Club contends that Dear has alleged no breach of the Condo Declaration that could not be remedied by money damages, thus his claim must fail. DE 10 at 5. The Court agrees with Q Club on this point, and notes more broadly that Dear has entirely failed to allege in his Complaint that his remedies at law are inadequate or that he would suffer irreparable harm absent an injunction. See Compl. ¶¶ 35–51, 70–81. Under these circumstances, Dear has failed to state a claim for injunctive relief. See, e.g., Cnty. of Monroe, Fla. v. Priceline.com, Inc., No. 09-10004, 2009 WL 4890664 at *6 (S.D. Fla. Dec. 17, 2009).

In opposition to the Motion, Dear does not directly address his failure to plead these elements of a claim for injunctive relief, and instead asserts conclusorily and incorrectly that "Q Club fails to cite the applicable elements for . . . injunctive relief and apply the facts alleged to those elements." DE 19 at 16. These unsupported contentions do not salvage his insufficiently pled request for injunctive relief. Accordingly, that part of Count II seeking injunctive relief will be dismissed. It is thereupon

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Count II of Plaintiff's Complaint [DE 10] is **GRANTED**. Count II of Plaintiff's Complaint, seeking declaratory and injunctive relief, is **DISMISSED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of July, 2015.

*James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF