IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 15-60474-CIV-COHN/SELTZER

| | |
|---|---|
| GARY DEAR, As Class Representative of Those Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| Q CLUB HOTEL, LLC, a Delaware Limited Liability Company, | ) ) ) |
| Defendant. | ) ) / |

**DEFENDANT'S ANSWERS AND AFFIRMATIVE DEFENSES**

**ANSWER**

In light of the Court's July 14, 2015 Order (D.E. 10) dismissing Count II of Plaintiff's, Gary Dear, Complaint, Defendant, Q Club Hotel, LLC ("Q Club"), by and through undersigned counsel, as and for its answer to the correspondingly-numbered paragraphs of the Complaint and its remaining Count I, states:

1. Paragraph 1 of Mr. Dear's Complaint consists of legal conclusions to which no response is required. To extent a response is required, Q Club denies that Mr. Dear's claims are appropriate for a "class action," denies that Mr. Dear is entitled to any "damages," and avers that this Court's July 14, 2015 Order has already dismissed Mr. Dear's claims for declaratory and injunctive relief. Therefore, the allegations in Complaint paragraph 1 are denied.

24777767 v2

2. Q Club admits that Mr. Dear is a condominium owner in the Q Club Resort and Residence Condominium.  Q Club admits that a hotel operates at the Q Club Resort and Residence Condominium under the Hilton brand and is known as the "Hilton Fort Lauderdale Beach."  All remaining allegations in Complaint paragraph 2 are denied.

3. Q Club avers that there is a "Declaration of Q Club Resort and Residences Condominium" and avers that this Declaration governs the rights and obligations for owners of the Commercial Units, the Hotel Unit, and the Residential Units.  Q Club further avers that it is the owner of the Hotel Unit and that Mr. Dear is, on information and belief, the owner of a Residential Unit.  All remaining allegations in Complaint paragraph 3 are denied.

4. Q Club avers that the Declaration of Q Club Resort and Residences Condominium" has provisions governing "Shared Costs" and "Shared Components" and that these provisions speak for themselves.  To the extent the allegations of Complaint paragraph 4 are inconsistent with these provisions, those allegations are denied.

5. Q Club avers that the "Declaration of Q Club Resort and Residences Condominium" has provisions governing "Shared Costs" and "Shared Components" and that these provisions speak for themselves.  To the extent the allegations of Complaint paragraph 5 are inconsistent with these provisions, those allegations are denied.

6. Denied.

7. In light of the Court's July 14, 2015 Order, no response is required to Complaint paragraph 7's prayer for a declaration of rights and an injunction.  Q Club denies that Mr. Dear is entitled to damages and denies all remaining allegations in Complaint paragraph 7.

**Parties, Jurisdiction and Venue**

8. In light of the Court's July 14, 2015 Order, no response is required to Mr. Dear's suit for declaratory and injunctive relief.  Further, in light of the removal to this Court, Q Club

avers that any attempt to seek relief on behalf of a putative class would be governed the Federal Rules of Civil Procedure.  Q Club denies that Mr. Dear is entitled to damages in any amount and denies all remaining allegations in Complaint paragraph 8.

9. In response to Complaint paragraph 9, Q Club admits that neither Mr. Dear nor any putative class member has an individual claim that exceeds $75,000.00.  However, based on the calculations set forth in the Complaint, Q Club avers that that total amount in controversy exceeds $5,000,000.00 in aggregate.

10. Q Club admits that Mr. Dear claims to owns Unit 1402 and avers that Unit 1402 has been assessed "Shared Costs."  Q Club further avers that the assessments on Unit 1402 have been paid.  Q Club states that it is without information sufficient to either admit or deny the remaining allegations of Complaint paragraph 10 and demands strict proof thereof.

11. Q Club admits that it is a Delaware Limited Liability Company, admits that it maintains an address in Miami-Dade County, and admits that it is registered to conduct business in Florida.  The remaining allegations of Complaint paragraph 11 consist of legal conclusions to which no response is required.

12. In light of the removal to this Court, Q Club avers that the venue of this action is now governed by 28 U.S.C. § 1391 and 28 U.S.C. § 1441(a).  Q Club further avers that venue is proper in this Court because the condominium development in which Mr. Dear claims to owns Unit 1402 is located in Broward County, Florida.  All remaining allegations in Complaint paragraph 12 are denied.

13. Complaint paragraph 13 consist of legal conclusions to which no response is required.  To the extent a response is required, denied.

**Facts Applicable to All Counts**

14. Admitted.

15. Admitted.

16. Q Club admits that Mr. Dear claims to own a "Residential Unit." Q Club denies that Mr. Dear's claims are appropriate for a "class action." Therefore, the remaining allegations in Complaint paragraph 16 are denied.

17. Q Club avers that there is a "Declaration of Q Club Resort and Residences Condominium" and avers that this Declaration governs the rights and obligations for owners of the Commercial Units, the Hotel Unit, and the Residential Units. Q Club avers the provisions of this Declaration speak for themselves. Q Club further avers that it is the owner of the Hotel Unit and that Mr. Dear is, on information and belief, the owner of a Residential Unit. All remaining allegations in Complaint paragraph 17 are denied.

18. In response to Complaint paragraph 18, Q Club states that it is without information sufficient to either admit or deny Mr. Dear's allegations regarding "a traditional hotel with central ownership and management." Q Club admits that the 333 "Residential Units" are individually owned and are subject to rental.

19. Q Club avers that the "news report" quoted in Complaint paragraph 19 speaks for itself, avers that purchasers of "Residential Units" have opportunity to reference the "Declaration of Q Club Resort and Residences Condominium," and avers that purchasers of "Residential Units" can rent out the "Residential Units" they purchase. All remaining allegations in Complaint paragraph 19 are denied.

20. Q Club states that it is without information sufficient to either admit or deny Mr. Dear's allegations regarding "a traditional resort hotel." Q Club avers that the restrictions on occupancy as set forth in the "Declaration of Q Club Resort and Residences Condominium"

speak for themselves. To the extent the allegations of Complaint paragraph 20 are inconsistent with these provisions, those allegations are denied.

21. Admitted.

22. Q Club avers that the provisions on the rental of units as set forth in the "Declaration of Q Club Resort and Residences Condominium" speak for themselves. To the extent the allegations of Complaint paragraph 22 are inconsistent with these provisions, these allegations are denied.

### The "Shared Components"

23. Admitted.

24. Q Club avers that the provisions of the "Declaration of Q Club Resort and Residences Condominium" speak for themselves. To the extent the allegations of Complaint paragraph 24 are inconsistent with these provisions, those allegations are denied.

25. Q Club avers that the provisions of the "Declaration of Q Club Resort and Residences Condominium" speak for themselves. To the extent the allegations of Complaint paragraph 25 are inconsistent with these provisions, those allegations are denied.

26. Q Club avers that the provisions of the "Declaration of Q Club Resort and Residences Condominium" speak for themselves. To the extent the allegations of Complaint paragraph 26 are inconsistent with these provisions, those allegations are denied.

27. Q Club avers that the provisions of the "Declaration of Q Club Resort and Residences Condominium" speak for themselves. To the extent the allegations of Complaint paragraph 27 are inconsistent with these provisions, those allegations are denied.

**The "Shared Costs"**

28.     Q Club avers that the provisions of the "Declaration of Q Club Resort and Residences Condominium" speak for themselves.  To the extent the allegations of Complaint paragraph 28 are inconsistent with these provisions, those allegations are denied.

29.     Q Club avers that the provisions of the "Declaration of Q Club Resort and Residences Condominium" speak for themselves.  To the extent the allegations of Complaint paragraph 29 are inconsistent with these provisions, those allegations are denied.

30.     Q Club avers that the provisions of the "Declaration of Q Club Resort and Residences Condominium" speak for themselves.  To the extent the allegations of Complaint paragraph 30 are inconsistent with these provisions, those allegations are denied.

31.     Q Club avers that the provisions of the "Declaration of Q Club Resort and Residences Condominium" speak for themselves.  To the extent the allegations of Complaint paragraph 31 are inconsistent with these provisions, those allegations are denied.

32.     Q Club avers that the provisions of the "Declaration of Q Club Resort and Residences Condominium" speak for themselves.  To the extent the allegations of Complaint paragraph 32 are inconsistent with these provisions, those allegations are denied.

33.     Q Club avers that the provisions of the "Declaration of Q Club Resort and Residences Condominium" speak for themselves.  To the extent the allegations of Complaint paragraph 33 are inconsistent with these provisions, those allegations are denied.

34.     Q Club avers that the provisions of the "Declaration of Q Club Resort and Residences Condominium" speak for themselves.  To the extent the allegations of Complaint paragraph 34 are inconsistent with these provisions, those allegations are denied.

**Facts Relating to Named Plaintiff**

35.     Admitted.

36.     Admitted.

37.     Admitted.

38.     Q Club denies any implication that it requested Shared Costs payments not covered under the Declaration.  The remaining allegations of Complaint paragraph 38 are admitted.

**Plaintiff and Class Members have Suffered Common Injuries**

39.     Q Club denies that Mr. Dear's claims are appropriate for a "class action." Therefore, the allegations in Complaint paragraph 39 are denied.

40.     Complaint paragraph 40 consists of legal conclusions to which no response is required.  To the extent a response is required, Q Club denies that Mr. Dear's claims are appropriate for a "class action."  Therefore, the allegations in Complaint paragraph 40 are denied.

41.     Admitted.

42.     Complaint paragraph 42 consists of legal conclusions to which no response is required.  To the extent a response is required, Q Club avers that the provisions of the "Declaration of Q Club Resort and Residences Condominium" speak for themselves.  To the extent the allegations of Complaint paragraph 42 are inconsistent with these provisions, these allegations are denied.

43.     Q Club admits that Mr. Dear has regularly paid his percentage of Shared Costs.  Q Club denies that Mr. Dear's claims are appropriate for a "class action" and avers that not all owners of "Residential Units" have regularly paid their percentages of Shared Costs.  Therefore, the remaining allegations in Complaint paragraph 43 are denied.

44.     Denied.

45.     Denied.

46.     Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. In light of the Court's July 14, 2015 Order, no response is required to Complaint paragraph 51. To the extent a response is required, denied.

### Class Representation Allegations

52. Q Club denies that Mr. Dear's claims are appropriate for a "class action." Further, in light of the removal to this Court, Q Club avers that any attempt to seek relief on behalf of a putative class would be governed the Federal Rules of Civil Procedure. Therefore, the allegations of Complaint paragraph 52 are denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Q Club states that it is without information sufficient to either admit or deny allegations regarding Mr. Dear's "awareness" and demands strict proof thereof. The remaining allegations of Complaint paragraph 60 are denied.

### Count I - Breach of Contract

61. In response to Complaint paragraph 61, Q Club reasserts the admissions and denials set forth in paragraphs 1 through 60, above.

62. Q Club denies that Mr. Dear's claims are appropriate for a "class action." Therefore, the allegations of Complaint paragraph 62 are denied.

63. Q Club avers that the provisions of the "Declaration of Q Club Resort and Residences Condominium" speak for themselves. To the extent the allegations of Complaint paragraph 63 are inconsistent with these provisions, these allegations are denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

## Count II (Declaratory and Injunctive Relief)

70.-81. In light of the Court's July 14, 2015 Order, no response is required to "Count II" of Mr. Dear's Complaint.

Q Club denies each and every allegation of the Complaint not specifically admitted above.

WHEREFORE, Defendant, Q Club, LLC, prays this Court dismiss the Complaint filed in this cause, with prejudice, and tax the costs and attorneys' fees incurred in the defense of this action against Plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

82. This action is not properly maintainable as a class action.

## SECOND DEFENSE

83. Mr. Dear is not a proper representative party for the putative class described in the Complaint.

## THIRD DEFENSE

84. Mr. Dear's Complaint references a "Shared Component budget" for 2006 and references alleged increases in "fees" over a "nine-year" period. Accordingly, some or all of the claims are barred by the statute of limitations.

## FOURTH DEFENSE

85. Some or all of the claims are barred by prior material breach of contract. Putative class members who did not pay assessments under the "Declaration of Q Club Resort and Residences Condominium" or who otherwise breached the ""Declaration of Q Club Resort and Residences Condominium" may not pursue claims.

## FIFTH DEFENSE

86. Some of the putative class members lack standing to bring their claims or else are not the real party in interest. For example, if the listed owner of a Residential Unit is in bankruptcy, the claim may belong to the bankruptcy trustee, rather than the listed owner.

## SIXTH DEFENSE

87. Some of the putative class members' claims are barred by *res judicata*, collateral estoppel, or judicial estoppel. For example, if a listed owner of a Residential Unit has previously been sued for breaches of the "Declaration of Q Club Resort and Residences Condominium," the present claims could have been a compulsory counterclaim, and the putative class member would now be barred from bringing claims under the "Declaration of Q Club Resort and Residences Condominium."

## SEVENTH DEFENSE

88. Some of the putative class members' claims are barred by release or waiver.

## EIGHTH DEFENSE

89. Some of the putative class members' claims are barred by accord and satisfaction.

## NINTH DEFENSE

90. Putative class members who did not ask to review the financial books and records of the Hotel Unit Owner and/or did not make a demand on the Hotel Unit Owner may not pursue claims. Some or all of the claims are barred by failure to fulfill conditions precedent.

## TENTH DEFENSE

91. Some of all the claims are barred by contract modification or acquiescence.

## ELEVENTH DEFENSE

92. Some or all of the claims are barred by voluntary payment. Putative class members who paid assessments with full knowledge of "Shared Costs" may not pursue claims.

## TWELFTH DEFENSE

93. Some or all of the claims are barred by the statute of frauds and the parol evidence rule.

## THIRTEENTH DEFENSE

94. Some or all of the claims are barred by the failure to mitigate damages, if any.

## FOURTEENTH DEFENSE

95. Q Club is entitled to set-off and/or recoupment for some or all claims. Q Club has a claim to recover for "Shared Costs" not yet assessed, and putative class members who did not pay assessments under the "Declaration of Q Club Resort and Residences Condominium" may not pursue claims.

## FIFTEENTH DEFENSE

96. Q Club reserves the right to assert additional defenses as discovery progresses.

Respectfully submitted this 28th day of July, 2015.

/s/ Laurence S. Litow
Laurence S. Litow, Esq.
Florida Bar No. 328758
BURR & FORMAN, LLP
350 East Las Olas Blvd., Suite 1420
Fort Lauderdale, Florida 33301
Telephone:  954-414-6200
Facsimile:   954-414-6201
Email:  lslitow@burr.com
*Counsel for Defendant, Q Club Hotel, LLC*

Ronald Pena, Esq.
Florida Bar No. 135135
John C. Lukacs, Sr., Esq.
Florida Bar No. 362727
Hinshaw & Culbertson, LLP
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
Telephone:  305-358-7747
Email: rpena@hinshawlaw.com
Email: jlukacs@hinshawlaw.com
*Co-Counsel for Defendant, Q Club Hotel, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of July, 2015, I electronically filed the foregoing document with the Clerk of the Court using *CM/ECF*.  I also certify that the foregoing is being served this day upon all counsel of record or *pro se* parties identified in the following Service List in the manner specified, either via transmission of Notices of Electronic Filing

generated by *CM/ECF* or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

| | |
|---|---|
| Robert A. Sweetapple, Esq.<br>Sweetapple, Broeker & Varkas, P.L.<br>20 S.E. 3rd Street<br>Boca Raton, FL 33432<br>pleadings@sweetapplelaw.com<br>rsweetapple@sweetapplelaw.com<br>*Counsel for Plaintiff* | Steven R. Jaffe, Esq.<br>Mark S. Fistos, Esq.<br>Matthew D. Weissing, Esq.<br>Farmer, Jaffe, Weissing,<br>Edwards, Fistos & Lehrman, P.L.<br>425 North Andrews Ave., Suite 2<br>Fort Lauderdale, FL 33301<br>staff.efile@pathtojustice.com<br>*Co-Counsel for Plaintiff* |

/s/ Laurence S. Litow
Laurence S. Litow, Esq.
Florida Bar No. 328758

24777767 v2

13