UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60474-CIV-COHN/SELTZER

GARY DEAR, as Class Representative
of those similarly situated,

    Plaintiff,

vs.

Q CLUB HOTEL, LLC, a Delaware
Limited Liability Company,

    Defendant.
_____/

## ORDER

**THIS CAUSE** has come before the Court upon [DE 86] Defendant's Motion to Quash. The motion is directed to the duces tecum portion of trial subpoenas served upon Defendant's employees, Sergio Pagliery, Jose E. Cabanas, and Michele Santoro, and upon its expert witnesses, Roger S. Cline and Barry Mukamal [DE 86-1].

This case is a certified class action in which Plaintiff Gary Dear alleges that Defendant Q Club Hotel, LLC, breached a declaration ("Declaration"), for a condominium co-located with a hotel at the Hilton Fort Lauderdale Beach Resort [DE 83-1]. The dispute involves the portion or "allocated share" of certain costs and expenses for the repair, management, operation, and other items relating to the condominium that Plaintiff and other class members were required to pay. The case is currently set for trial on Thursday, May 25, 2017 [DE 93].

On June 4, 2015, Plaintiff served a Request for Production upon Defendant which was responded to with both electronic and hard copy files [DE 86-2].[1] On November 17, 2015, Plaintiff's counsel reviewed 14 bankers boxes of documents produced by Defendant, but determined the records produced did not include "the financial books and records showing Defendant's actual receipts and expenditures with respect to the maintenance, operation, repair, replacement, alteration and insurance of the Shared Components." As such, Plaintiff's counsel did not request copies of the records produced. [DE 95-1]. Plaintiff also maintains that the electronic discovery produced by Defendant "did not segregate or identify Shared Components costs from others," which necessitated third-party discovery from Hilton. [DE 95-1]. Plaintiff, however, did not move to compel better discovery responses from Defendant. And, after several extensions, discovery in the case closed on October 4, 2016 [DE 50].

The subpoenas <u>duces</u> <u>tecum</u> – issued in March and April 2017 -- were served pursuant to Fed. R. Civ. P. 45; they direct the recipients to appear at trial to testify and to bring with them certain financial documents that are at issue in the case. More specifically, the subpoenas seek the production of 40 categories of documents, consisting of financial books and records from 2010 through 2016 showing Defendant's actual receipts and expenditures with respect to 20 types of expenses. The <u>duces</u> <u>tecum</u> portions of each of the subpoenas are identical.

---

[1] Both Plaintiff and Defendant have submitted affidavits in support of their respective positions on the Motion to Quash. <u>See</u> Affidavit of Matthew D. Weissing [DE 95-1] and Affidavit of Michael J. Ambrose [DE 86-2].

2

Defendant argues that the subpoenas duces tecum are unreasonably duplicative and burdensome in that they require the witnesses "to amass and bring to trial voluminous documentation which is identical to the documentation produced or made available for inspection and copying . . . in response to Plaintiff's discovery requests." Motion at 6 [DE 86]. Defendant further argues that the subpoenaed documents either were not requested during discovery (i.e., records relating to 2016) or were requested but abandoned by Plaintiff during the discovery period. In either case, Defendant argues that these documents cannot be subpoenaed for trial pursuant to Rule 45.

Plaintiff offers the following responses: its subpoenas do not duplicate what had already been produced; Defendant has an obligation under the condominium Declaration to maintain financial books and records showing its actual receipts and expenditures with respect to certain categories of expenses; Defendant never produced in discovery any records differentiating and substantiating its actual receipts and expenditures; and even if the trial subpoenas overlap previous discovery requests, the subpoenas are proper in order to secure original documents for use at trial.

"Parties are permitted to issue trial subpoena duces tecum to another party but only for the purposes of securing materials for memory refreshment, trial preparation, or to ensure the availability at trial of original records previously disclosed in discovery." Hatcher v. Precoat Metals, 271 F.R.D. 674, 675 (N.D. Ala. 2010). Rule 45 subpoenas, however, may not be used to circumvent the Court's discovery deadline. Rice v. United States, 164 F.R.D. 556, 558 (N.D. Okla. 1995). When a party serves a Rule 45 subpoena duces tecum for trial seeking discovery that should have been secured during the discovery period, the subpoena is properly quashed. Id.; Ghandi v. Police Dept. of City of Detroit, 747 F.2d 338,

354-55 (6th Cir. 1984). A Rule 45 trial subpoena, therefore, cannot be substituted for an untimely Rule 34 document request. Mortgage Info. Services, Inc. v. Kitchens, 210 F.R.D. 562, 566-67 (W.D.N.C. 2002) (quashing a Rule 45 trial subpoena duces tecum served outside the discovery period).

Having carefully reviewed the items requested in Plaintiff's Rule 45 trial subpoenas, the Court concludes that the duces tecum portions of the subpoenas should be quashed. As another district court observed in similar circumstances: "Even a cursory reading of the subpoena[s] clearly establishes that the documents sought are, without question, the basic bare bones requests that would have been appropriate under Rule 34 [prior to the discovery deadline]." Hatcher, 271 F.R.D. at 676. Indeed, the actual costs and expenditures for shared components that Plaintiff now seeks has been one of the central issues in this litigation. If Plaintiff were not satisfied with the financial records previously produced by Defendant during discovery, his remedy was to move (timely) to compel production; yet, he never did so. Hernandez v. City of Corpus Christi, 2011 WL 2194254, at *1 (S.D. Tex. 2011) (quashing trial subpoena duces tecum where "Plaintiff never sought Court resolution of any prior alleged failure to produce documents"). Discovery now having been closed for several months (since October 2016), Plaintiff cannot circumvent that deadline by seeking to obtain those records through trial subpoenas.

The Court cannot accept Plaintiff's argument that the subpoenas are merely requesting "original" documents for use at trial. First, the subpoenas make no mention of producing "original" documents. Second, Rule 45 can be used to subpoena "original records previously disclosed in discovery." Id. (Emphasis added). According to Plaintiff, however, the records under subpoena were not produced in discovery. Rule 45 cannot

4

properly be substituted for Rule 34 to obtain materials that should have been obtained in discovery.

Finally, Plaintiff argues that Defendant failed to conduct a conduct a pre-filing conference between counsel[2] prior to filing its Motion to Quash as required by Local Rule 7.1(a)(3) and for that reason alone, Defendant's motion should be denied. Although the Court generally agrees with Plaintiff that the failure to confer is grounds for denying a motion <u>without prejudice</u>, given the time constraints and approaching trial date, the merits of the motion require resolution without further delay.[3] Accordingly, for the reasons set forth herein, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Quash [DE 86] is **GRANTED** and that the <u>duces tecum</u> portions of the subpoenas served upon Sergio Pagliery, Jose E. Cabanas, Michele Santoro, Roger S. Cline, and Barry Mukamal are **QUASHED**. These witnesses remain under subpoena for attendance at trial.

**DONE AND ORDERED** at Chambers, Fort Lauderdale, Florida, this 18th day of May 2017.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF

---

[2] Although it was the obligation of Defendant's counsel to initiate a conference, the Court notes that Plaintiff's counsel does not reference any effort made on their part to confer and narrow the issues raised in Defendant's motion.

[3] Plaintiff notes that the subpoenas were served in March and April, but Defendant did not file its Motion to Quash until more than a month had elapsed. Although the Court does not condone the delay in filing the Motion to Quash, the Court notes that the Motion to Quash is not a discovery motion subject to the 30-day time limitation contained in Local Rule 26.1(g).

5