UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60474-CIV-COHN/SELTZER

GARY DEAR, as Class Representative
of those similarly situated,

    Plaintiff,

v.

Q CLUB HOTEL, LLC,

    Defendant.

_____/

## ORDER RE: BACK-CHARGING

**THE PARTIES** present a question of law for the Court's determination. The parties agree that whether Defendant Q Club Hotel, LLC ("Q Club") was permitted under the Declaration of Q Club Resort and Residences Condominium ("Declaration") to retroactively charge the Plaintiff Class of Residential Unit Owners for costs incurred in prior years is a question of law. Upon careful consideration of the Declaration and the arguments of the parties at trial, the Court finds that the Declaration does not permit such back-charging.

"It is fundamental that where a contract is clear and unambiguous in its terms, the court may not give those terms any meaning beyond the plain meaning of the words contained therein." Dows v. Nike, Inc., 846 So. 2d 595, 601 (Fla. Dist. Ct. App. 2003). "In the absence of ambiguity, the language itself is the best evidence of the parties' intent and its plain meaning controls." Barakat v. Broward Cty. Hous. Auth., 771 So. 2d 1193, 1194–95 (Fla. Dist. Ct. App. 2000). Contracts are to be construed in accordance

with the plain meaning of the words contained therein.  <u>Burns v. Barfield</u>, 732 So.2d 1202, 1205 (Fla. 4th DCA 1999) (citations omitted).

The Declaration is clear and unambiguous that Shared Costs are to be charged annually for a given calendar year.  Section 12.3(b) gives Q Club, as the Hotel Unit Owner, "the right to collect reasonable reserves for the replacement of the Shared Components and the furnishings and finishings thereof."  Section 12.3(b) further provides that after the first charge for the Shared Costs reserves, "[e]ach subsequent annual charge shall be imposed for the year beginning January 1 and ending December 31."  Although Section 12.3(b) permits Q Club to change the "charge amount" and the frequency of installments "at any time," nowhere does it authorize Q Club to alter the duration of the clearly defined charge period.

Nor does Section 12.4 grant Q Club the authority to charge retroactively.  Section 12.4 states that "[f]ailure of the Hotel Unit Owner . . . to send or deliver bills or notices of charges shall not relieve [Residential Unit] Owners from their obligations" under the Declaration, including the obligation to pay the amounts properly charged as Shared Costs.  Section 12.4 also empowers Q Club to pursue remedies for the collection and enforcement of unmet obligations.  In other words, Section 12.4 allows Q Club to collect for unpaid costs that it properly charged in prior years.  Section 12.4 does not, however, authorize Q Club to collect for charges that it could have, but failed to charge in prior years.  Accordingly, it is

**ORDERED AND ADJUDGED** that based on the plain meaning of the words contained in Sections 12.3(b) and 12.4, the Court hereby **FINDS** that the Declaration does not permit retroactive charging for costs incurred in prior years.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 1st day of June, 2017.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF