UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-60474-COHN/SELTZER

GARY DEAR, as Class Representative
of those similarly situated,

       Plaintiff,

v.

Q CLUB HOTEL, LLC, a Delaware
Limited Liability Company,

       Defendant.

_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

I.      INTRODUCTION

THIS CAUSE is before the Court upon Defendant's Q Club Hotel, LLC, Motion for Determination of Entitlement to Attorneys' Fees and Taxable and Non-Taxable Costs and Incorporated Memorandum of Law ("Motion") (DE 179). This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida (DE 166). At issue is whether the Condominium Declaration authorizes an award of attorney's fees and costs for the types of claims litigated in this matter and, if so, whether Q-Club ("Defendant") is a "prevailing party" entitled to such an award. For the reasons set forth below, the undersigned concludes that the Declaration does not authorize such fees for the claims in this litigation and, further, that Defendant is not a "prevailing party."

II.     BACKGROUND[1]

Plaintiff Gary Dear sued Defendant Q Club Hotel, LLC on behalf of a class of persons who owned residential units at the Hilton Fort Lauderdale Beach Resort, which Defendant manages and operates.  Pursuant to the Declaration of Q Club Resort and Residences Condominium ("Declaration"), each Residential Unit Owner is required to pay Defendant an allocated share of the "Shared Costs" actually and reasonably allocated to the maintenance, operation, and management of items called "Shared Components."  The Plaintiff Class Members alleged that Defendant breached the Declaration by: (1) charging as Shared Costs items that were not Shared Components ("Shared Costs claim"); and (2) beginning in 2013, charging retroactively for costs incurred in prior years going back to 2007 ("back charging claim").

At trial, the parties agreed that the Court should decide the back-charging claim, and they also agreed as to the amount that Defendant had charged retroactively – $1,274,101.[2] The Court decided that the Declaration did not authorize Defendant to charge retroactively for costs incurred in prior years and that Defendant's back charging therefore breached the

---

[1] The District Court set forth the background of this litigation in its Order Denying Motion for Partial New Trial (DE 175).

[2] Plaintiff had introduced into evidence Exhibit 56 (DE 185-1), a spreadsheet showing a "Total Unallocated Shortfall" of $11,385,351. This sum represented Defendant's 2013 calculation of the Shared Costs it was due, dating to 2007.
Beginning in 2013, and continuing to the date suit was filed in February 2015, Defendant collected from Plaintiff and Class Members $1,274,101 of the "Total Unallocated Shortfall."  The Court determined that the Declaration did not authorize Defendant to retroactively charge for costs in prior years, and it awarded a judgment for this sum in Plaintiff's favor.  Accordingly, had Plaintiff not prevailed on the back-charging claim, Defendant would have been able to continue to collect the remaining "Total Unallocated Shortfall" – back charges – of $10,111,250 from Plaintiff and Class Members.

Declaration (DE 119).  The Shared Costs claim remained for the jury.  Although Plaintiff

had requested $7,172,307 for the purported overcharges, the jury declined to find that

Defendant had breached the Declaration by collecting unauthorized Shared Costs, and it

returned a verdict for Defendant (DE 123).[3]  Thereafter, the District Court entered Final

Judgment in favor of Plaintiff Gary Dear as Class Representative and against Defendant

Q Club Hotel, LLC in the amount of $1,274,101 on the back-charging claim and in favor

of Defendant Q Club and against Plaintiff Gary Dear as Class Representative on all other

claims asserted; it also reserved jurisdiction to determine entitlement to and amount of

attorney's fees and costs (DE 153).[4]

Thereafter, the undersigned granted a joint motion requesting that the Court first

determine the issue of entitlement to attorney's fees and non-taxable costs before

determining the amount thereof (DE 177).  On August 25, 2017, Defendant filed the instant

Motion (DE 179), and on September 11, 2017, Plaintiff responded thereto (DE 185).[5]  In

addition, a large number of class members filed objections to Defendant Q Club's Motion

---

[3] The jury interrogatory asked:  "Did Plaintiff Gary Dear as Class Representative prove, by a preponderance of the evidence, that Defendant Q Club Hotel, LLC breached the Declaration of Q Club Resort and Residences Condominium by collecting as 'shared costs' expenses, charges, and costs from the Plaintiff Class that are not authorized by the Declaration?" The jury answered, "No" (DE 123).

[4] Both Plaintiff Gary Dear, Individually, and as Class Representative, and Defendant Q Club Hotel, LLC have appealed the District Court's Final Judgment (DE157, DE 186). Those appeals remain pending.

[5] The undersigned notes that on August 25, 2017, Plaintiff filed Class Counsel's Motion and Memorandum Regarding Class Counsel's Entitlement to Attorney's Fees and Nontaxable Cost (DE 180); Defendant did not file a response in opposition to Class Counsel's Motion.  Unlike Defendant Q Club's Motion, Class Counsel's Motion is not predicated on a fee provision in the Declaration or on a "prevailing party" theory; it is therefore addressed in a separate Report and Recommendation being filed contemporaneously herewith.

3

(DE 189-197).[6] On October 31, 2017, the undersigned heard oral argument on the parties' respective entitlement to fees and costs.

The matter is now ripe for decision.

III.    DISCUSSION

    A.    Attorney's Fees and Non-Taxable Costs

        1.    Contractual Basis for Request

Defendant predicates its request for attorney's fees and non-taxable costs upon the Condominium Declaration.  According to Defendant, §§ 18 and 18.2 of the Declaration provide the contractual basis for its recovery of fees and costs.  Motion at 6 (DE 179).

In this diversity action, Florida law governs the claims for breach of the Condominium Declaration.  Joint Pretrial Stipulation at 7, 8 (DE 90).  And under Florida law, Condominium Declarations are interpreted according to contract principles.  See Bethany Trace Owners' Ass'n, Inc. v. Whispering Lakes I, LLC, 155 So. 3d 1188, 1191 (Fla. 2d DCA 2014) (declaration of covenants, conditions, restrictions and easements). Accordingly, any provision of the Declaration must be read in the context of the surrounding sentences, the entire paragraph, and the entire document.  See, e.g., City of Homestead v. Johnson, 760 So. 2d 80, 84 (Fla. 2000) (sentences surrounding phrase in contract provide context to phrase to determine its meaning); Cali v. Meadowbrook Lakes View Condo. Ass'n B Inc., 59 So. 3d 363, 367 (Fla. 4th DCA 2011) ("It is fundamental that in construing a contract, the intention of the parties must be determined from examination of the whole contract and not from the separate phrases or paragraphs.").    Any

_____

    [6] The undersigned approved Class Counsel's providing all Class Members with notice of the Motion, of their right to respond thereto, and of their right to attend and to participate in the hearing (DE 183).

4

"constructions which render a clause of the contract superfluous or without meaning" should be avoided.   Veniard v. NB Holdings Corp., 3:98-CV-446-J-21A, 2000 WL 33988085, at *8 (M.D. Fla. Aug. 8, 2000).  Furthermore, to support a contractual shifting of attorney's fees, a clause must clearly and unambiguously call for fee-shifting in the type of claim described:  "[I]f an agreement for one party to pay another party's attorney's fees is to be enforced it must unambiguously state that intention and clearly identify the matter in which the attorney's fees are recoverable."  Sholkoff v. Boca Raton Cmty. Hosp., Inc., 693 So. 2d 1114, 1118 (Fla. 4th DCA 1997) (emphasis added); see also Vill. 45 Partners, LLC v. Racetrac Petroleum Inc., 831 So.2d 758, 760 (Fla. 4th DCA 2002) ("Florida requires that agreements providing for the award of attorney's fees be clear and specific.").  To the extent that the contract contains any ambiguity, it should be construed against the drafter.[7]

Defendant argues that it is eligible to recover its fees and costs under §§18 and 18.2 of the Declaration.  According to Defendant, the Declaration provides, in pertinent part, that:

> [E]ach Unit Owner . . . shall be governed by and shall comply with the terms of this Declaration and all exhibits annexed hereto and the rules and regulations adopted pursuant to those documents  .   .   .   The Association (and Unit Owners, if appropriate) shall be entitled to the following relief in addition to the remedies provided by the Act: . . . In any proceeding arising because of an alleged failure of a Unit Owner . . . to comply with the requirements of the . . . Declaration, . . . the prevailing party shall be entitled to recover the costs of the

---

[7] In this case, the drafter was the developer and, currently, its successor (Defendant).  See Alternative Dev., Inc. v. St. Lucie Club & Apartment Homes Condo. Ass'n, Inc., 608 So. 2d 822, 825 (Fla. 4th DCA 1992) (collecting cases); Deed of transfer from developer to Defendant (DE 55-1); Trial Tr. May 30, 2017, at 150-151 (testimony from Defendant's corporate representative on succession) (DE 154); Declaration § 2.20 (defining "developer" to include its successors and assigns) (DE 133-1 at 59).

> proceeding and such reasonable attorneys' fees (including appellate attorneys' fees).

Motion at 6 (DE 179) (quoting Declaration §§ 18 & 18.2).  Defendant maintains that it is entitled to fees and costs not only because it is a "prevailing party" but also because it was involved in a proceeding involving alleged non-compliance under the Declaration:

> Plaintiff and the Class Members' claims arose out of and related to Declaration of Q Club Resort and Residences Condominium (the "Declaration"). The Declaration authorizes the "prevailing party" in any "proceeding arising because of an alleged failure of a Unit Owner  . . . to comply with the requirements of the . . . Declaration" to recover "the costs of the proceeding and . . . reasonable attorneys' fees (including appellate attorneys' fees)."

Motion at 1 (DE 179).  Defendant reasons, "Thus, the attorneys' fee provision of the Declaration comes into play because this case constitutes a 'proceeding' arising out of an 'alleged failure of a Unit Owner,' Q Club, 'to comply with the requirements of the Declaration.'"  Id. at 7.  Defendant, however, fails to consider the context in which the attorney's fee provision appears, as well as the remaining text of the Declaration.

A more complete reading of the Declaration sections upon which Defendant relies – §§ 18 and 18.2 – supplies the necessary context in which to interpret the fee provision:

> 18.   Compliance and Default.   The Association, each Unit Owner, occupant of a Unit, tenant and other invitee of a Unit Owner shall be governed by and shall comply with the terms of this Declaration and all exhibits annexed hereto and the rules and regulations adopted pursuant to those documents, as the same may be amended from time to time and the provisions of all of such documents shall be deemed incorporated into any lease of a Unit whether or not expressly stated in such lease.  The Association (and Unit Owners, if appropriate) shall be entitled to the following relief in addition to the remedies provided by the Act:[8]

---

[8] The undersigned notes that the section that immediately follows § 18 – § 18.1 – addresses "Mandatory Nonbinding Arbitration of Disputes" involving non-compliance with

6

. . . .

18.2  <u>Negligence and Compliance.</u>  A Unit Owner and/or tenant of Unit shall be liable for the expense of any maintenance, repair, or replacement made necessary by his negligence or by that of any member of his family or his or their guests, employees, agents or lessees, but only to the extent such expense is not met by the proceeds of insurance actually collected in respect of such Association.  In the event a Unit Owner, tenant or occupant fails to maintain a Unit or fails to cause such Unit to be maintained, or fails to observe and perform all of the provisions of the Declaration, the By-Laws, the Articles of Incorporation of the Association, applicable rules and regulations, or any other agreement, document or instrument affecting the Condominium Property or administered by the Association, in the manner required, the Association shall have the right to proceed in equity to require performance and/or compliance, to impose any applicable fines, to sue at law for damages, and to charge the Unit Owner for the sums necessary to do whatever work required to put the Unit Owner or Unit in compliance, provided, however, that nothing contained in this Section 19.2 [sic] shall authorize the Association to enter a Unit to enforce compliance.  **In any proceeding arising because of an alleged failure of a Unit Owner, a tenant or the Association to comply with the requirements of the Act, this Declaration, the exhibits annexed hereto, or the rules and regulations adopted pursuant said documents, as the same may be amended from time to time, the prevailing party shall be entitled to recover the costs of the proceeding and such reasonable attorneys' fees (including appellate attorneys' fees).**  A Unit Owner prevailing in an action with the Association, in addition to recovering his reasonable attorneys' fees, may recover additional amounts as determined by the court to be necessary to reimburse the Unit Owner for his share of Assessments levied by the Association to fund its expenses of the litigation.

Condominium Declaration §§ 18 & 18.2 (DE 133-1 at 79-80) (emphasis added).

Although § 18 does state that the Association and each unit owner must comply with

the terms of the Declaration, § 18 does not provide any relief for such non-compliance and,

---

the Declaration, and that section expressly authorizes an award of fees and costs to the prevailing party in such arbitration proceedings and in connected proceedings (DE 133-1 at 79).

more specifically, does not provide for the recovery of attorney's fees.  Rather, it states that the Association and the unit owners shall be entitled to the relief provided in the ensuing sections.

The fee shifting provision at issue here is found in the middle – more precisely, in the third sentence – of § 18.2: "In any proceeding arising because of an alleged failure of a Unit Owner . . . to comply with the requirements of . . . this Declaration . . . the prevailing party shall be entitled to recover the costs of the proceeding and such reasonable attorneys' fees (including appellate attorneys' fees)."  Although the words "any proceeding" clearly appear in that sentence, those words are limited by the context in which that sentence appears.  The title of the § 18.2 is "Negligence and Compliance."  The first sentence of § 18.2 speaks to a unit owner's liability for any uninsured expense incurred due to his (or his tenants', family members', or guests') negligence.  And the second sentence speaks to the Association's right to proceed legally against a unit owner who fails to maintain a unit or observe the provisions of the Declaration "affecting the Condominium Property or administered by the Association, in the manner required."  Accordingly, the noncompliance addressed in § 18.2 is the failure to maintain Condominium Property "in the manner required" under the Declaration and any negligence affecting Condominium Property necessitating an uninsured expenditure.  It is into this context – immediately following sentences that speak to a failure to comply with the Declaration in certain specified ways – that the drafters inserted the sentence authorizing fees and costs for "any proceeding" arising due to alleged non-compliance with the Declaration.

Contrary to Defendant's abbreviated quotation of the Declaration, see Motion at 6 (DE 179), the fee provision in § 18.2 does not immediately follow the sentence in § 18

8

requiring Unit Owners to "comply with the terms of this Declaration and all exhibits annexed hereto and the rules and regulations adopted pursuant to those documents."  <u>See</u> Declaration quotation <u>supra</u> at 6-7.  Nor does the fee provision in § 18.2 apply to "any proceeding" generally.  Rather, that fee provision – and, in particular, the phrase "failure . . . to comply with the requirements of . . . this Declaration" – is directed to the specific types of non-compliance identified in the preceding sentences of that section:  failures to maintain the Condominium Property as required under the Declaration and negligence causing damage to the Condominium Property.  When read in its proper context, therefore, the attorney's fee provision in § 18.2 does not "unambiguously" and "clearly" call for fee-shifting in a breach of contract action for charging unauthorized Shared Costs for Shared Components, such as the present case.  The present case has nothing to do with negligence or with the maintenance of Condominium Property "in the manner required" under the Declaration.  Had the drafters of the Declaration intended a more generalized meaning, they could well have set forth a fee-shifting provision, "unambiguously" and "clearly" in a stand-alone paragraph, untethered to the limitations contained in § 18.2.

Defendant's contention that fees are available for "any proceeding" involving alleged non-compliance with the Declaration is rebutted not only by a more complete reading of § 18.2, but also by a more complete reading of the Declaration as a whole. More particularly, § 18.1 of the Declaration provides for an award of attorney's fees and costs to a prevailing party in arbitration proceedings and in connected proceedings involving non-compliance with the Declaration.  Yet, were the Court to adopt Defendant's broad interpretation of the fee provision in § 18.2, then that provision would also apply to arbitration proceedings involving non-compliance with the Declaration, thereby rendering

9

the fee provision of § 18.1 redundant and superfluous.  Such a result would contravene basic rules of contract interpretation.  See Veniard, 2000 WL 33988085, at *8.  So too, the By-Laws applicable to the Condominium (Ex. 4 to the Declaration) contain their own prevailing party attorney's fee provision for enforcement actions to permit inspection of Association records (DE 90-6 at 58).  Therefore, Defendant's broad interpretation of the fee-shifting provision in § 18.2 would also render the By-Laws' fee provision redundant and superfluous, contrary to Florida law.  See Veniard, 2000 WL 33988085, at *8.

In sum, when read in the context of the section in which it appears, as well as in the context of the Declaration as a whole, the fee provision relied upon by Defendant is limited to cases based on a failure to maintain Condominium Property and to cases based on negligence; this case involved neither.  Defendant, therefore, cannot show that the provision it has excerpted from § 18.2 "clearly" and "unambiguously" authorizes an award of attorney's fees and costs for the type of contract claim at issue here.

2.    "Prevailing Party" Status

Even if the fee provision of § 18.2 were applicable to "any proceeding" involving a breach of the Condominium Declaration, Defendant would still need to establish that it was "the prevailing party" to be entitled to an award of fees and costs.  Because Defendant is seeking this award as a matter of contract law under the Declaration, Florida law governs the determination of  "prevailing party" status.

a.    Law

Applying Florida law, the Eleventh Circuit Court of Appeals has construed the term "prevailing party" to be the party that has prevailed on the "significant issues in the litigation":

10

> The Florida Supreme Court has held that, in general, "the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees." Moritz v. Hoyt Enters., Inc., 604 So. 2d 807, 810 (Fla. 1992); see also Prosperi v. Code, Inc., 626 So. 2d 1360, 1363 (Fla. 1993) (courts should look to which party prevailed on the "significant issues"). In so holding, the Florida Supreme Court has taken guidance from the United States Supreme Court, which has "held that the test is whether the party 'succeeded on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" Moritz, 604 So. 2d at 809-10 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed.2d 40 (1983)) (internal quotation marks and brackets removed). Moritz continued: "It is our view that the fairest test to determine who is the prevailing party is to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court." Id. at 810.

Chow v. Chak Yam Chau, 2015 WL 7258668, at *5 (11th Cir.  Nov. 17, 2015); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (stating that parties "may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation . . . ."); Herbst v. N. Ocean Condos, L.P., 2009 WL 2257827, at *4 (S.D. Fla. July 29, 2009) ("Florida follows the same standard as enunciated in Hensley . . . ."). However, "[a] party need not obtain affirmative relief to be considered a prevailing party; it is enough that a party successfully defends against claims brought against it." TEC Serv, LLC v. Crabb, 622 Fed. Appx. 867, 870 (11th Cir. 2015) (citations omitted).

The Florida Supreme Court has made clear that trial courts also have the discretion to determine that there is no prevailing party and, thus, to decline to award attorney's fees to either party.  Trytek v. Gale Indus., 3 So. 3d 1194, 1196 (Fla. 2009) ("[T]here is no mandatory requirement that the trial court determine that one party is the 'prevailing party.'").  The Trytek court specifically noted that Florida appellate courts have upheld trial

court decisions in breach of contract cases finding no prevailing party under the "significant issues" test. Id. at 1203 n.12. (citing Brevard County Fair Ass'n v. Cocoa Expo, Inc., 832 So.2d 147, 151 (Fla. 5th DCA 2002) (where both parties prevail on significant issues, the trial judge has the discretion to determine neither party prevailed); Hutchinson v. Hutchinson, 687 So.2d 912, 913 (Fla. 4th DCA 1997) (recognizing that there can be "compelling circumstances" in which a trial court can determine that neither party prevailed in a contract case); KCIN, Inc. v. Canpro Investments, Ltd., 675 So.2d 222, 223 (Fla. 2d DCA 1996) ("A rule which requires an award of prevailing party attorney's fees in all cases may result in an unjust reward to a party whose conduct caused the failure of the contract. . . . [A]n attorney's fee award is not required each time there is litigation involving a contract providing for prevailing party fees.")).   In an illuminating footnote, the Florida Supreme Court drew a distinction between a court's election to designate a prevailing party, which is not required, and a court's awarding fees, which is required when a court does elect to designate a prevailing party: "We do not construe any of the appellate cases concerning prevailing party attorneys' fees to mandate that there be a prevailing party, only that where a 'prevailing party' is determined, the entitlement to attorneys' fees is mandatory." Id. at 1203 n.13 (citations omitted).[9]

The decision of Florida's Third District Court of Appeal in Schoenlank v. Schoenlank, 128 So. 3d 118 (Fla. 3d DCA 2013) is particularly instructive.  In Schoenlank, a former

---

[9]     The undersigned notes that courts in other jurisdictions have similarly recognized that there may not always be a "prevailing party" for the purposes of a prevailing-party fee-shifting statute.  See, e.g., S. Wine & Spirits of Nev. v. Mt. Valley Spring Co., 712 F.3d 397, 401 (8th Cir. 2013) ("Nevada law does not require one party to be designated as 'prevailing' after both parties are found to have been at fault."); Jorgensen v. Coppedge, 224 P.3d 1125, 1129 (Idaho 2010) ("[W]hen both parties are partially successful, it is within the [trial] court's discretion to decline an award of attorney fees to either side.").

husband moved for a downward modification of his spousal and child support obligations, citing a significant decrease in his income. The trial judge granted a downward modification and retroactively reduced the former husband's obligations, but denied him a modification for the balance of a previous year. The trial judge also awarded him a $7,261.70 set-off on the amount owed for equitable distribution, such that the former wife could still recover $22,496.00. The judge, however, denied the former husband's motion for attorney's fees. The appellate court subsequently affirmed, concluding that neither party had completely prevailed on either major issue and holding that neither party was a prevailing party entitled to attorney's fees. In arriving at its conclusion, the Third District stressed that an attorney's fee award is not required whenever a contract provides for prevailing party fees and made clear that a trial court retains the discretion to deny fees to both parties when each has prevailed and lost on significant issues:

> Importantly, "an attorney's fee award is not required each time there is litigation involving a contract providing for prevailing attorney's fees." Loy v. Loy, 904 So.2d 482, 483 (Fla. 3d DCA 2005) (quoting KCIN, Inc. v. Canpro Inv., Ltd., 675 So.2d 222, 223 (Fla. 2d DCA 1996)). Indeed, when the litigation "end[s] in a tie," with each party "prevail[ing] in part and los[ing] in part on the significant issues," the trial court is well within its discretion to deny attorney's fees to both parties. Loy, 904 So.2d at 484.

Id. at *121.

When confronted with mixed results, yet governed by state law, some of Florida's federal courts have similarly concluded that no party prevailed for purposes of a fee award. In R.S.B. Ventures, Inc., v. Federal Deposit Insurance Corp., 2014 WL 11598000 (S.D. Fla. May 20, 2014) (Zloch, D.J.), the federal court concluded that where one party had prevailed on some issues and another party had prevailed on another issue, neither party

should be deemed the prevailing party for purposes of fees, and it declined to make an award to either party. Id. at 4.  In arriving at that conclusion, the federal court cited the Florida Supreme Court's decision in Tyrek for the proposition that "a trial court might determine that if both parties prevail on some significant issues there is the possibility that neither party prevailed for purposes of the fee determination." Id. at *3 (citing Tyrek, 3 So.3d at 1203).

More recently, in Winn-Dixie Stores, Inc. v. Big Lots Stores, Inc., 2016 WL 2918152 (S.D. Fla. May 18, 2016) (Middlebrooks, D.J.), the court concluded that because neither party had recovered on a claim or counter-claim and because neither party had been without fault, neither was a prevailing party and neither was entitled to an award of fees. The court noted that under Florida law "where both [p]arties win and lose on significant issues, the trial judge has discretion to determine no party prevailed in the litigation and it is proper to deny an award of attorney's fees under a prevailing party contract." Id. at *12 (citations and internal quotations omitted).

In sum, Florida law makes clear that where each party wins and each party loses on a significant issue, the court has the discretion to conclude that neither party prevailed in the litigation.

        b.    Analysis

The parties dispute whether Defendant is a "prevailing party" entitled to attorney's fees and costs under Florida law.  "The rub, of course," as one appellate court characterized the challenge, "is choosing the 'prevailing party' in a mixed judgment case . . . ." Shimmed v. Intel Corp., 629 F.3d 1360, 1367 (Fed. Cir. 2010).  The results here were clearly mixed:  Plaintiff prevailed on its back-charging claim, for which it received a

14

judgment of $1,274,101, but did not prevail on its Shared Costs claim, for which it had sought a judgment of $7,172,307.

As the applicant, Defendant "bears the burden of establishing entitlement to an award" of such fees and costs. Hensley, 461 U.S. at 437; see also Franzen v. Lacuna Golf Ltd. P'ship., 717 So. 2d 1090, 1093 (Fla. 4th DCA 1998). Defendant argues that the issue it prevailed on – whether it overcharged Class Members for Shared Costs – was a more significant issue in the litigation than the issue Plaintiff prevailed on – whether Defendant was entitled to retroactively charge the Class Members for Shared Costs not billed to them in prior years. According to Defendant, not only did it avoid compensatory damages in excess of $7 million but going forward it will be able to continue charging for these Shared Costs. However, the Florida Supreme Court in Moritz did not limit a court's search to a single significant issue; it spoke instead of success on "significant issues" in the litigation. Moritz, 604 So.2d at 810. Furthermore, the court also sought guidance from the United States Supreme Court's decision in Hensley, which requires a court to determine whether a party succeeded "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Id. 809-10 (citations and internal quotations omitted).

A recent Middle District of Florida opinion instructive. See Meth Lab Cleanup, LLC v. Spaulding Deacon, LLC, 2016 WL 3172064 (M.D. Fla. 2016). In Meth Lab, after each party had won and lost on a significant issue – claims to intellectual property – the district judge considered the matter of "prevailing party" status. See id. The plaintiff had prevailed on its claim that certain uses, although not every use, of the phrase "Meth Lab Cleanup" violated a settlement agreement, but the plaintiff had lost on its claim that the domain name www.methlabservices.com violated the settlement agreement; indeed, the

defendant's assertion that the domain name did not violate the settlement agreement was central to several of its counterclaims. Id. at *2. Characterizing the result of the litigation as a "wash," the judge noted that "the litigation resulted in each party achieving some of what it sought from the Court, and with neither party receiving all of what it sought." Id. The Meth Lab opinion summarized Florida law and concluded:

> Under Florida law, an attorney's fee award is not required each time there is litigation involving a contract providing for prevailing party fees. In fact, courts may determine that no prevailing party exists and may decline to award any fees pursuant to a contractual provision. Ultimately, [t]he determination of an award of attorney's fees is within the sound discretion of the trial court and will not be disturbed on appeal, absent a showing of a clear abuse of that discretion.
>
> Exercising that discretion, the Court finds that, on the significant issue, the litigation ended in a tie, in which case neither party should receive prevailing party attorney's fees.

Id. at *3 (citations and internal quotations omitted).

So too, each party here achieved some of what it had sought with respect to the Shared Costs, and neither party achieved all of what it had sought. Plaintiff received a judicial determination that Defendant had violated the Declaration by collecting for past Shared Costs from the Unit Owners' reserve funds; he also received a judgment in excess of $1.2 million and an assurance that Defendant must cease all collection of back charges. Defendant, therefore, can no longer seek the remaining "Total Unallocated Shortfall" – back charges – of approximately $10,111,250. The effective value of Plaintiff's judgment, therefore, includes not only the affirmative award of $1,274,100 to the Class Members, but also the additional $10,111,250 that can no longer be sought from them. Hence, the litigation resulted in a total economic benefit to the Class Members of $11,385,351. The

undersigned finds that these were significant issues.

For its part, Defendant received a judicial determination that in all other respects it had complied with the Declaration and that the allocated Shared Costs were authorized under the Declaration; it avoided a judgment in excess of $7 million and obtained the assurance that it could continue to charge Shared Costs utilizing a methodology it developed in late 2012.  The undersigned finds that these, too, were significant issues. See Moritz, 604 So. 2d at 809-10 (stating that the test is whether the party succeeded on "any significant issue" in litigation).

As each party won and lost on significant issues, the undersigned concludes that neither side is a "prevailing party" as that term is defined and applied under Florida law and, therefore, that Defendant is not entitled to attorney's fees or non-taxable costs under the Declaration.   Additionally, the equities in this matter militate against rewarding Defendant with fees and costs after it wrongfully back-charged for Shared Costs, causing Unit Owners to sustain a loss of more than $1.2 million.  See Trytek, 3 So. 3d 1203 n.12 (citing KCIN, Inc., 675 So.2d at 223 (cautioning against a rule that would require an award of prevailing party attorney's fees in all cases because such a rule "may result in an unjust reward to a party whose conduct caused the failure of the contract.") (emphasis added)).

B.      Taxable Costs

In addition to seeking attorney's fees and non-taxable costs under the Declaration, Defendant also appears to be seeking taxable costs under Fed. R. Civ. P. 54(d)(1).  See Motion at 10-11 (DE 179).[10]  Rule 54(d)(1) provides in part: "Unless a federal statute, these

---

[10] Defendant's Motion seeks not only a determination of entitlement to attorney's fees and non-taxable costs, but also a determination of entitlement to taxable costs (DE 179).  Presumably, Defendant is still seeking taxable costs under Fed. R. Civ. P. 54(d)(1),

rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1) (emphasis added). The Eleventh Circuit applies a two-prong test to determine whether a litigant is a "prevailing party," requiring "(1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial imprimatur on the change in the legal relationship between the parties." Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach, 353 F.3d 901, 905 (11th Cir. 2003) (citations and quotations omitted).

Federal law grants courts the discretion to decide which (if either) party "prevailed" for the purposes of taxing costs under Rule 54(d)(1). See, e.g., U.S. Search, LLC v. U.S. Search.com, Inc., 300 F.3d 517, 522 n.4 (4th Cir. 2002) (applying discretionary standard to a district court's decision as to which litigant was the "prevailing party" for purposes of costs); Johnson v. Nordstrom-Larpenteur Agency, Inc., 623 F.2d 1279, 1282 (8th Cir. 1980) ("Where each of the parties has prevailed on one or more of its claims, defense or counterclaims, the district court has broad discretion in taxing costs."). And in cases resulting in split outcomes, federal courts have exercised that discretion to deny costs to either party. See, e.g., MDS (Canada), Inc. v. Rad Source Techs., Inc., 822 F. Supp. 2d 1263, 1325 n.29 (S.D. Fla. 2011) (exercising discretion under Rule 54(d)(1) to deny costs to either party where both prevailed on some claims but not others); Wheatley v. Moe's Sw. Grill, LLC, 580 F. Supp. 2d 1319, 1321-23 (N.D. Ga. 2008) (denying costs to defendant who prevailed on claims in plaintiff's complaint but failed to prevail on counterclaims); Tao of Sys. Integration v. Analytical Servs. & Materials, 412 F. Supp. 2d 571, 575 (E.D. Va. 2006) (concluding no "prevailing party" where "each party prevailed in its defense of a as it did previously in Defendant's, Q Club Hotel, LLC, Motion for Taxable Costs (DE 163).

18

claim" and "each party lost a claim to hold the other party liable").

Here, Plaintiff and Defendant each won and lost on issues that the undersigned has found are significant. For purposes of Rule 54(d)(1), therefore, the undersigned concludes that there is no "prevailing party" and that Defendant should not be permitted to recover its taxable costs. In addition, the equities of this case – in particular, Defendant's unauthorized back-charges of $1.2 million in breach of the Declaration – militate in favor of the Court exercising its discretion to deny Defendant a cost award.

IV.   CONCLUSION

For the reasons set forth above, the undersigned concludes that the Declaration does not authorize the recovery of attorney's fees and costs for the types of claims – specifically, the back-charging and Shared Costs claims – at issue in this litigation. The undersigned further concludes that, even if such fee shifting were authorized, neither Plaintiff nor Defendant is a "prevailing party" in this action and, accordingly, Defendant is not entitled to an award of attorney's fees, non-taxable costs, or taxable costs. Additionally, the equities would militate against rewarding Defendant with fees and costs given that its unauthorized back-charges in breach of the Declaration resulted in a $1.2 million loss to the Unit Owners. Accordingly, the undersigned RECOMMENDS that Defendant's Q Club Hotel, LLC, Motion for Determination of Entitlement to Attorneys' Fees and Taxable and Non-Taxable Costs and Incorporated Memorandum of Law (DE 179) be DENIED.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable James I. Cohn, United States District Judge. Failure to file objections timely

shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  <u>See</u> 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this ___1st___ day of November 2017.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

Honorable James I. Cohn
Senior United States District Judge

All counsel of record