UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60474-CIV-COHN/SELTZER

GARY DEAR, as Class Representative
of those similarly situated,

 Plaintiff,

vs.

Q CLUB HOTEL, LLC, a Delaware
Limited Liability Company,

 Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** has come before the undersigned for Report and Recommendation on [DE 180] Class Counsels' Motion and Memorandum Regarding Class Counsels' Entitlement to Attorney's Fees and Nontaxable Costs.  All post-trial matters have been referred to the undersigned [DE 166] pursuant to 28 U.S.C. § 636636 and the Magistrate Rules of the Local Rules of the Southern District of Florida.  At issue is Class Counsels' request for fees from the $1,274,101 common fund that the Court awarded the Class in its Final Judgment [DE 153] entered on June 23, 2017.

The parties previously requested that the Court bifurcate the issues of entitlement to fees and non-taxable costs and the amounts, if any, to be awarded [DE 176].  The Court granted that request and ordered that the parties brief the issue of entitlement to fees before submitting briefing and evidence of the amount(s) [DE 177].  Thus, this Report and Recommendation addresses only Class Counsel's entitlement to fees from the common

fund. If the Court were to adopt this Report and Recommendation, a separate notice to the class will be sent detailing the amount of fees and non-taxable costs sought by Class Counsel.

Rule 23(h), Federal Rules of Civil Procedure, authorizes the Court to award "reasonable attorney fees and nontaxable costs authorized by law." The Supreme Court has held that the creation of a common fund (from a judgment) entitles counsel to an award of attorney's fees and costs from the fund created. Cent. R.R. & Banking Co. v. Pettus, 113 U.S. 116 (1885); Trustees v. Greenough, 105 U.S. 527 (1881). "Attorneys in a class action in which a common fund is created are entitled to compensation for their services from the common fund, but the amount is subject to court approval." Camden I Condo. Ass'n v. Dunkle, 946 F.2d 768, 771 (11th Cir. 1991). In the Eleventh Circuit, the amount of fees awarded is a percentage of the fund. Id. at 774. The percentage is to be evaluated and set in light of the well-known factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). See Camden I, 946 F.2d at 775.

Class Counsel have represented the class throughout trial and have filed a Notice of Appeal of a portion of the Court's Final Judgment. The efforts of Class Counsel have secured a common fund of $1,274,101 in the form of a judgment in favor of the class members and against Defendant Q Club Hotel LLC. The class members have been notified of the request for fees and nontaxable costs from the common fund, and no class members objected to the request, either in writing or at the hearing on Class Counsels'

request.[1]  For these reasons, the undersigned recommends that the Court enter an Order authorizing payment of attorneys' fees and nontaxable costs from the common fund.

At the hearing on Class Counsels' request for fees and nontaxable costs, the undersigned determined that if the District Court were to enter an order authorizing an award of fees and nontaxable costs, Class Counsel would within 14 days of the Court's order file a brief on the amount(s) requested and a proposed notice to the class stating the amount(s) requested by Class Counsel and setting a time period for class members to object to the amount(s) requested.  Accordingly, it is hereby

**RECOMMENDED** that Class Counsels' Motion Regarding Class Counsels' Entitlement to Attorney's Fees and Nontaxable Costs [DE 180] be **GRANTED** and that Class Counsel be order to file a brief on the amount(s) requested and a proposed notice to the class within 14 days of the Court's order.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable James I. Cohn, United States District Judge.  Failure to file objections timely shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary

---

[1] The undersigned notes that Defendant does not oppose Class Counsels' request.

in the interest of justice.  See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers, Fort Lauderdale, Florida, this 1st day of November 2017.

/s/ Barry S. Seltzer
BARRY S. SELTZER
United States Magistrate Judge

Copies furnished to:

Hon. James I. Cohn
Counsel of record via CM/ECF